UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN EUNICE MARSHALL
#732012,

      Plaintiff,

v.

UNKNOWN WONNACOTT, et al.,

      Defendants.

_____/

Case No. 2:25-cv-102

Hon. Paul L. Maloney

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Calvin Marshall, a prisoner in the custody of the Michigan Department of Corrections, alleges an Eighth Amendment violation against Defendants Warden James Corrigan, Unknown Deputy Warden, Unit Counselor Unknown Wonnacott, and Resident Unit Manager Unknown Spiker.  Defendants filed a motion for summary judgment (ECF No. 20).  The Magistrate Judge reviewed the motion and issued a report recommending the Court grant Defendants' motion (ECF No. 26).  Plaintiff filed objections (ECF No. 31).  The Court will adopt the report and recommendation and will grant Defendants' motion for summary judgment.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections

to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge recommends dismissal because of Plaintiff's failure to exhaust his administrative remedies as were available, which is required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, when a prisoner brings a claim under § 1983.  The Magistrate Judge provided a succinct summary of the facts giving rise to Plaintiff's claim as well as the three-step process that Plaintiff was required to follow to exhaust his administrative remedies.

> In response, Plaintiff does not argue that he pursued any grievances through Step III at URF but instead argues that prison officials prevented him from completing the grievance process. (ECF No. 24, PageID.137).  Plaintiff asserts that he submitted a Step I grievance but did not receive a response for more than 24 days and could not request an appeal form from the grievance coordinator while in segregation. (ECF No. 24, PageID.133, 136-37).  But, "[i]f Plaintiff did not get a timely response to a Step I or Step II grievance, he was still obligated to appeal to the next step to preserve his claim."  *Harvey v. Jamsen*, No. 23-10049, 2023 WL 9284860, at *6 (E.D. Mich. Dec. 19, 2023).  Here, Plaintiff does not argue that he attempted to contact the grievance coordinator or that he requested a Step II appeal but merely states that "[t]here isn't anyway [sic] to properly exhaust any claims against MDOC staff" and that the grievance appeal process is a "dead end."

(ECF No. 24, PageID.133).  "The Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (quotation marks and citation omitted); *see also Byrd v. Fed. Bureau of Prisons*, No. 21-5911, 2022 WL 898772, at *2 (6th Cir. Feb. 28, 2022) ("[Plaintiff]'s general, conclusory assertions . . . are not sufficient to establish that the [prison facility] thwarted or made the grievance process unavailable to him in particular, so as to excuse his exhaustion requirement.").  Accordingly, Plaintiff has failed to create a genuine issue of fact that the grievance process was unavailable to him.

(R&R 4-5.)

Plaintiff objects to the Magistrate Judge's analysis.

> 2. Plaintiff was placed on observation due to suicidal comments.
> 3. While on Observation you cant have anything, paper writing utinsel's of any kind, No clothing, lien.
> 4. But plaintiff still tried to send out grievance thro neighbor.
> 5. At No time did anyone respond therefor Plaintiff on observation for over seven Days.
> 6. Since plaintiff was on observation from 12-6-24 till 12-19-24 Appx.

(Obj. 2.)  The Court construes the fourth paragraph to mean that "plaintiff still tried to send out grievance *through* neighbor."

This is the first time that Plaintiff claims to have tried to send a grievance through their neighbor.  But Plaintiff failed to include this information in his complaint or in his response to Defendants' motion.

New arguments or circumstances raised for the first time in an objection will not be considered because they were never properly before the Magistrate Judge.  *See Hannon v. Brintlinger*, No. 2:17-CV-33, 2018 WL 1141424, at *1 (W.D. Mich. Mar. 2, 2018) (citing and quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).  Therefore, Plaintiff's objection is without merit.

Even if the Court were to consider this new argument, Plaintiff's mere assertion of it is not enough to create a genuine issue of material fact. Unsubstantiated assertions are not evidence and are not enough to defeat a well-supported motion for summary judgment.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

Accordingly, the Court **ADOPTS** as its opinion the Report and Recommendation (ECF No. 26).  The Courts **GRANTS** Defendants' motion for summary judgment (ECF No. 20).  **IT IS SO ORDERED**.

Dated: June 10, 2026                         /s/ Paul L. Maloney
                                             PAUL L. MALONEY
                                             UNITED STATES DISTRICT JUDGE